ORIGINAL

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 11 2012

JAMES N. HATTEN, CLERK
By: J. Brankove, Deputy Clerk

DEXTER LAMONT HOLMES
(Enter above the full name and prisoner identification number of the plaintiff.)

vs.

CITY OF MANCHESTER;
RAYMOND COUCH, CHIEF OF POLICE;
CHRIS JONES, POLICE OFFICER;
(Enter above the full name of the defendant(s).)

CIVIL ACTION FILE NUMBER 3:12-CV-0108

DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY. PLAINTIFF INCORPORATES STATE LAWS.

JOHN DOE (McCLEDOM) POLICE OFFICER;
JOHN DOE (CARPENTER) POLICE OFFICER; AND
CLAY SPITLER, PROBATION OFFICER

I.  **Previous Lawsuits**
    A.  Have you begun other lawsuits in state or federal court dealing with (1) the same facts involved in this action, or (2) otherwise relating to your imprisonment?

    Yes ( )    No (✓)

    B.  If you anser to A(1) or (2) is yes, describe each lawsuit in the space below and tell us whether the "old" case involves the same facts or other issues. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)
        1.  Parties to this previous lawsuit:

            Plaintiff(s): _____

            _____

            Defendant(s): _____

            _____

        2.  Court (if federal court, name the district; if state court, name the county):

            _____

            _____

        3.  Docket Number: _____


American LegalNet, Inc.
www.FormsWorkFlow.com

III. **Previous Lawsuits (Cont'd)**

    4. Name of judge to whom case was assigned: _____

    5. Did the previous case involve the same facts:

        Yes ( )   No ( )

    6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

        _____

        _____

    7. Approximate date of filing lawsuit: _____

    8. Approximate date of disposition: _____

II. **Exhaustion of Administrative Remedies**

    A. Place of Present Confinement: *MERIWETHER COUNTY DETENTION CENTER*

    B. Is there a prisoner grievance procedure in this institution?

        Yes (✓)   No ( )

    C. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes ( )   No (✓)

    D. If your answer is YES:

        1. What steps did yo take and what were the results?

        _____

        2. If you answer is NO, explain why not: *I COULD NOT FILE A GRIEVANCE AGAINST CITY OF MANCHESTER WITH THE COUNTY, MANCHESTER CITY JAIL DO NOT HAVE A GRIEVANCE PROCEDURE.*

III. **Parties**

(In item A below, place you name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff(s): *DEXTER LAMONT HOLMES*
        *P.O. BOX 476*
        *MERIWETHER COUNTY DETENTION CENTER*
        *GREENVILLE, GEORGIA*

American LegalNet, Inc.
www.FormsWorkFlow.com

III. **Parties (Cont'd)**
   Address(es): _____
   _____
   _____
   _____

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): CITY OF MANCHESTER ; RAYMOND COUCH ; CHRIS JONES ; JOHN DOE (McCLENDOM) ; AND JOHN DOE (CARPENTER) ; AND CLAY SPITLER

Employed as: JOHN DOE (MAYOR) ; CHIEF OF POLICE ; POLICE OFFICER ; POLICE OFFICER ; POLICE OFFICER ; AND PROBATION OFFICER

at MANCHESTER CITY HALL, SECOND STREET, MANCHESTER GEORGIA 31816 ; MANCHESTER POLICE DEPARTMENT, 120 SECOND STREET, MANCHESTER GEORGIA 31816 ; COURTHOUSE SQUARE, GREENVILLE GEORGIA.

IV. **Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON MAY 31, 2012, OFFICER JONES WITHOUT PROBABLE CAUSE AND WITHOUT AN OFFENSE BEING COMMITTED IN HIS PRESENCE, INITIATED A TRAFFIC STOP OF PLAINTIFF'S VEHICLE. OFFICER JONES ARRESTED PLAINTIFF ILLEGALLY, ALLEGING THAT PLAINTIFF'S DRIVER LICENSE WERE SUSPENDED. FOUR (4) HOURS LATER WHILE STILL IN CUSTODY OFFICER JONES CHANGED THE CHARGE TO ALLEGE THAT PLAINTIFF VIOLATED A LIMITED PERMIT. ALSO, OFFICER JONES, DENIED PLAINTIFF'S REQUEST FOR A PROBABLE CAUSE HEARING PURSUANT TO A WARRANTLESS ARREST. OVER PLAINTIFF'S OBJECTION AND HIS REQUEST FOR BENCH TRIAL, OFFICER JONES HAD THE CASE BOUNDED OVER TO THE SUPERIOR COURT OF MERIWETHER COUNTY. PLAINTIFF IS BEING ILLEGALLY CONFINED AT THE COUNTY JAIL, WHERE STATUTORY LAW REQUIRED THAT HE BE RELEASED, IF NOT PROVIDED WITH A PROBABLE CAUSE HEARING WITHIN 48 HOURS FOLLOWING A WARRANTLESS ARREST. THE CITY OF MANCHESTER HAS A POLICY OF MAKING WARRANTLESS ARRESTS, AND NOT CONDUCTING JUDICIAL PROCEEDING FOLLOWING WARRANTLESS ARRESTS. SEE ATTACHMENT "A"

ON JUNE 2, 2012, PLAINTIFF WAS EXPERIENCING COMPLICATION WITH HIS MEDICAL CONDITION OF HIGH BLOOD PRESSURE (HYPERTENTION), POLICE OFFICERS McCLENDOM AND CARPENTER, CONTACTED THE EMERGENCY MEDICAL SERVICE OF MERIWETHER COUNTY. TECHNICIANS LAWHORN AND NELSOM RESPONDED, UPON CHECKING PLAINTIFF'S BLOOD PRESSURE, THEY DETERMINED TO TRANSPORT PLAINTIFF TO THE LOCAL HOSPITAL FOR TREATMENT. HOWEVER, POLICE OFFICER McCLENDOM STATED THAT HE HAD TO GET THE CHIEF OF POLICE COUCH PERMISSION, HE INFORMED THE TECHNICIANS THAT CHIEF COUCH INSTRUCTED HIM TO PUT PLAINTIFF BACK IN HIS CELL, THAT HE WAS NOT GOING ANYWHERE. THE



PARAGRAPH ONE (1)

On June 4, 2012, Municipal Court Judge John Ooe, helded a bond hearing, informing Plaintiff that he could be released on a property bond, Plaintiff informed the Judge that a probationary warrant had been issued against him, as a result of the charges, and Plaintiff informed the Judge that he wanted a probable cause hearing, requesting the Judge to preserve the video tape of his traffic stop. The Judge stated that the probable cause hearing would be held that Wednesday, June 6, 2012. However, that Wednesday, the Judge had drafted an order to bind the case over to the Superior Court. Plaintiff objected, demanding a probable cause hearing, and a bench trial. The Judge then advised Chief Couch that if Officer Jones wanted a jury trial he would bind the case over. On June 8, 2012, the Judge, without holding a probable cause hearing and without Plaintiff waiving same, bind the case over, and transported Plaintiff to Meriwether County Detention Center, requiring him to make bond before being released. On June 15, 2012, Plaintiff was transported to Clayton County Detention Center, to be housed, to a jail that is over crouded, in retaliation against him for exercising his First Amendment right to file grievances.

PARAGRAPH TWO (2)

On June 3, 2012, while serving breakfast, Officer McClendom, made a chilling remark, stating "Is Holmes dead". On June 5, 2012, Plaintiff submitted a written request to Chief Couch, complaining of severe headaches, dizziness, and shortness of breath, he did not receive any medical care. On June 6, 2012, Officers McClendom and Carpenter, was serving breakfast, Plaintiff requested medical care for his hypertention, and depression, no actions were taken. The City of Manchester do not have a medical provider to treat inmates in the city jail, it has a policy and practice of not providing inmates with medical care and treatment.

PARAGRAPH FOUR (4)

ON NOVEMBER 28, 2012, PLAINTIFF RECEIVED TWELVE (12) MONTHS PROBATION ON CONDITION OF PAYMENT OF A FINE IN THE AMOUNT OF $400. ON JUNE 1, 2012, FOLLOWING PLAINTIFF'S ARREST, PROBATION OFFICER SPITLER ISSUED A PROBATIONARY WARRANT, PLACING A HOLD ON PLAINTIFF, INSTRUCTING JAIL OFFICIALS NOT TO RELEASE HIM, BUT UPON PAYMENT OF THE FINE, WHICH HAD INCREASED TO $688. PRIOR TO PLAINTIFF'S ARREST, HE HAD BEEN IN CONTACT WITH THE ASSISTANT DISTRICT ATTORNEY ROBERT PETERSON AND HIS COURT APPOINTED ATTORNEY RYAN FULLER, IN REGARDS TO MODIFICATION OF HIS SENTENCE TO COMMUNITY SERVICE, DUE TO HIM NOT BEING FINANCIALLY ABLE TO PAY THE FINE, MR. PETERSON INSTRUCTED PLAINTIFF TO HAVE MR. FULLER TO SUBMIT THE PROPER LEGAL DOCUMENTS. IT WAS IMPERMISSIBLE FOR PROBATION OFFICER SPITLER TO IMPRISON PLAINTIFF BECAUSE HE WAS FINANCIALLY UNABLE TO PAY A FINE, WHEN IN THE SAME CIRCUMSTANCES AN INDIVIDUAL OF FINANCIAL MEANS WOULD REMAIN FREE. ALSO, PROBATION OFFICER SPITLER POSED A CONFLICT OF INTEREST, BECAUSE HE IS THE OWNER OF THE PROBATION SERVICE.

PARAGRAPH FIVE (5)

PLAINTIFF HAVE BEEN EXPERIENCING NIGHTMARES RELATING TO HIS ARREST, DETENTION, AND MEDICAL CONDITIONS. PLAINTIFF WAS DIAGNOSED WITH MAJOR DEPRESSION IN SEPTEMBER OF 2011, HIS CONDITION HAS DETERATED SINCE HIS ARREST AND CONFINE. PLAINTIFF WAS PUT IN FEAR FOR HIS LIFE BY THE DEFENDANTS ACTIONS AND LACK OF ACTIONS. PLAINTIFF WILL FOREVER BE EMOTIONALLY SCARED AS A DIRECT RESULT OF THE DEFENDANTS ACTIONS. PLAINTIFF HAS BEEN DISCRIMINATED AGAINST ON THE BASIS OF HIS RACE, WHEREAS INMATES WHOM ARE WHITE RECEIVES DIFFERENT TREATMENT IN SIMILAR SITUATIONS.

IV. **Statement of Claim (Cont'd)**

TECHNICIANS CONDUCTED ADDITIONAL TESTS OF PLAINTIFF'S HEART WITH A MONITOR, DISCOVERING THAT PLAINTIFF HAD SPIKE IN HIS HEART BEAT, THE OFFICER WERE ADVISED THAT PLAINTIFF MEDICAL CONDITION WAS SERIOUS, THAT HE COULD HAVE A STROKE OR AN HEART ATTACK. THE CITY OF MANCHESTER HAD A POLICY OF NOT PROVIDING MEDICAL CARE TO INMATES CONFINED IN THE CITY JAIL. SEE "ATTACHMENT "A"

MANCHESTER CITY JAIL IS UNCONSTITUTIONAL, THE CELL FOR MALE INMATES IS 12 FEET BY 13 FEET, WITH 8 BEDS, WITH NO DINING AREA, WITH NO TABLES AT ALL, THE SHOWER IS 2 FEET BY 2 FEET, THE ENTIRE CELL IS COVER WITH MOLD AND MILDEW, INCLUDING THE SHOWER. PLAINTIFF AND SEVEN (7) OTHER INMATES WERE FORCED TO LIVE IN UNSANITARY CONDITIONS, ISSUED WASH CLOTHS AND TOWELS THAT WERE BROWN IN COLORATION, WHICH SHOULD HAVE BEEN WHITE, PLAINTIFF'S JAIL UNIFORM WAS NEVER EXCHANGE FOR A CLEAN ONE, NEVER SHAVED, NEVER RECEIVED ANY RECREATION OR YARD CALL, THE CELL WAS LIKE A DUNGEON, PLAINTIFF COULD NOT TELL WETHER IT WAS DAY OR NIGHT OUTSIDE, BECAUSE THE WINDOW HAD SHED METAL COVERING IT. THE JAIL DID NOT ISSUE ANY HYGIENE PRODUCTS, NOR UNDER CLOTHS, THESE THING HAD TO COME FOR PEOPLE ON THE OUTSIDE. SEE (EXHIBIT "A") ALSO, THE CELL HAD INADEQUATE VENTILATION WITH THE PRESENCE OF MOLD AND MILDEW.

V. **Relief**
State briefly exactly what you want the Court to do for you. **Make no legal arguments. Cite no cases or statutes.**

1.) PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE RELIEF, AS THE COURT DEEM PROPER.

2.) PLAINTIFF SEEKS A COURT ORDER CLOSING MANCHESTER CITY JAIL AS BEING UNCONSTITUTIONAL AND UNHUMANE.

3.) PLAINTIFF SEEKS MONETARY DAMAGES FOR EMOTIONAL DISTRESS IN THE AMOUNT OF $2,000,000.00

4.) PLAINTIFF SEEKS COMPENTORY DAMAGES FOR TIME SPENT ILLEGALLY IN CONFINEMENT IN THE AMOUNT OF $500.00 PER DAY

5.) PLAINTIFF SEEKS MONETARY DAMAGES FOR PSYCHOLOGICAL HARM IN THE AMOUNT OF $2,000,000.

6.) PLAINTIFF SEEKS MONETARY DAMAGES FOR HUMILIATION IN THE AMOUNT OF $500,000.

7.) PLAINTIFF SEEKS MONETARY DAMAGES FOR PAIN AND SUFFERING IN THE AMOUNT OF $2,000,000

8.) PLAINTIFF SEEKS MONETARY DAMAGES FOR ILLEGAL ARREST IN THE AMOUNT OF $1,000,000.

9.) PLAINTIFF SEEKS ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $300,000.

10.) PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $4,000,000.


American LegalNet, Inc.
www.FormsWorkFlow.com



V.  Relief (Cont'd)

_____
_____
_____
_____
_____
_____
_____
_____

Signed this ___6___ day of __JULY__, 19 _2012_.

_Dexter L. Holmes_
Signature of Plaintiff

STATE OF _GEORGIA_
COUNTY (C̶I̶T̶Y̶) OF _MERIWETHER_

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON _07/06/2012_
(Date)

_Dexter L. Holmes_
Signature of Plaintiff

American LegalNet, Inc.
www.FormsWorkFlow.com